848 F.2d 1245
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
John A. BOTT and Jac Products, Inc., Plaintiff/Cross-Appellant,
v.
FOUR STAR CORPORATION, Defendant/Appellant.
 Nos. 88-1117, 88-1118.
 United States Court of Appeals, Federal Circuit.
 May 26, 1988.
 
 Before BISSELL, ARCHER and MAYER, Circuit Judges.
 ARCHER, Circuit Judge.
 
 
 1
 Four Star Corporation ("Four Star") appeals the decisions of the United States District Court for the Eastern District of Michigan, Southern Division, holding that U.S. Patent No. 4,516,710 ('710) granted to John A. Bott and assigned to JAC Products, Inc. (Bott) is not invalid or unenforceable and that Bott is not equitably estopped from enforcing this patent. Bott cross-appeals the finding on summary judgment of no infringement of U.S. Patent Nos. 4,099,658 ('658) and 4,182,471 ('471) by Four Star. We affirm the district court on all issues.
 
 OPINION
 I. APPEAL
 
 2
 A. Equitable Safeguards as to Enforcement of '710
 
 
 3
 Four Star was sued and found to infringe the '658 and '471 patents, relating to certain automobile luggage racks, in an earlier action appealed to this court. Bott v. Four Star Corp., No. 83-1080 (Fed.Cir. March 21, 1984) (unpublished). Four Star then altered its design to avoid infringement of these patents. Thereafter, the '710 patent issued in 1985 and contained claims broad enough to encompass Four Star's redesigned racks. The '710 patent resulted from the seventh application in a series of continuation applications, all based on the identical disclosure and relying for priority on an application filed in 1974. The applications on which the '658 and '471 patents issued were part of this string of continuations.
 
 
 4
 Four Star contends that patents based on a series of continuation applications should be subject to equitable safeguards if they issue two years after a patent issues on the original disclosure. In support, Four Star relies on Webster Elec. Co. v. Splitdorf Elec. Co., 264 U.S. 463 (1924). See also Crown Cork & Seal Co. v. Ferdinand Gutmann Co., 304 U.S. 159 (1937).
 
 
 5
 We are not persuaded by Four Star's position because these Supreme Court cases preceded the enactment of the Patent Act of 1952 (Title 35 of the United States Code). Continuation applications are authorized by 35 U.S.C. Sec. 120 (Supp.III 1985). Section 120 does not contain any time limit on broadened claims similar to the two-year time limit applicable to reissue proceedings under 35 U.S.C. Sec. 251 (1982). The latter section expressly provides that a reissued patent shall not be granted enlarging the scope of the claims of a patent unless it is applied for within two years of the grant of the original patent. Had the legislature intended any such time limit to apply to continuation applications it could have included a similar provision in section 120. Moreover, we have not been directed to anything in the legislative history of the 1952 Act that supports Four Star's contention that the equitable considerations discussed in the Supreme Court cases relied on by Four Star should have continued viability.
 
 
 6
 Accordingly, we are not persuaded by Four Star's argument that this court should adopt equitable safeguards to limit continuation applications when the Congress gave no indication that it intended to so do. See In re Hogan, 559 F.2d 595, 604 n. 13, 194 USPQ 527, 536 n. 13 (CCPA 1977) ("The 24 years of pendency herein may be decried, but a limit upon continuing applications is a matter of policy for the Congress, not for us."); In re Henriksen, 399 F.2d 253, 262, 158 USPQ 224, 231 (CCPA 1968) (application depended on another filed twenty years earlier).
 
 
 7
 B. Equitable Estoppel as to the Enforcement of '710
 
 
 8
 Four Star's argument that Bott should be equitably estopped from enforcing the '710 patent is without merit. The district court made specific findings that Four Star had not established the essential elements required for estoppel, and Four Star has not demonstrated that the court's findings are clearly erroneous or that its conclusions are otherwise in error. Accordingly, the district court's decision on estoppel is affirmed.
 
 C. Violation of 37 C.F.R. Sec. 10.18
 
 9
 Four Star's argument that the '710 patent should be unenforceable because of a violation of 37 C.F.R. Sec. 10.18 is also without merit. Four Star has only alleged generally that this rule was violated but has not set forth facts to support any specific violation.
 
 D. Double Patenting
 
 10
 Four Star argues that the '710 patent is invalid for statutory double patenting, citing In re Blattner, 245 F.2d 491, 494, 114 USPQ 299, 301 (CCPA 1957), for the proposition that generic claims cannot issue later than species claims. Because the '710 claims are not generic but merely a broadening of the claims of the '658 and '471 patents, Blattner is inapposite and Four Star's contention is rejected.
 
 E. Unenforceability for Inequitable Conduct
 
 11
 Four Star argues that the '658, '471, and '710 patents are unenforceable for inequitable conduct in connection with the prosecution of the '710 patent before the PTO. Even if this issue had been considered by the district court, which is not clear from the record, it is raised on appeal for the first time in Four Star's reply brief. This is in contravention of Fed.R.App.P. 28(c) which specifies that "[t]he appellant may file a brief in reply to the brief of the appellee. " (Emphasis added.) Thus, new issues may not be raised in the reply brief. Moreover, Four Star's reply brief is completely devoid of citations to the record to support its contentions on this issue.
 
 II. CROSS-APPEAL
 
 12
 A. Infringement of the '471 and '658 Patents
 
 
 13
 Bott contends that the district court improperly granted summary judgment that the redesigned racks of Four Star do not infringe the '471 and '658 patents. We are not persuaded by Bott's argument that there were material facts in dispute. In its infringement analysis the district court was required merely to interpret the claims at issue, a question of law, Uniroyal, Inc. v. Rudkin-Wiley Corp., 837 F.2d 1044, 1054, 5 USPQ2d 1434, 1441 (Fed.Cir.1988), to determine whether removability with the aid of a screwdriver was covered by the claims. There was no factual dispute regarding how the accused racks could be removed, nor that there would be no infringement, either literally or under the doctrine of equivalents, if the claims, properly interpreted, did not encompass removal with the aid of a screwdriver. Accordingly, summary judgment was properly granted on these issues.